



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

June 8, 1939

Hon. J. C. Voyles
Assistant County Attorney
Jefferson County
Beaumont, Texas

Dear Sir:

> Opinion No. O-952
> Re: Fees chargeable by the county
> clerk in connection with new
> and renewal applications for
> beer and/or beer and wine li-
> censes.

    Your request for an opinion on the question as is hereinafter stated has been received by this office.

    The second and last paragraphs of your letter read as follows:

> "The Texas Liquor Control Act gives the Administrator permission to make such rules and regulations as to him may seem proper. Under this provision of said Act Mr. Bert Ford, Administrator of the Texas Liquor Control Board, on April 19, 1939, issued a circular letter, stating that from that time on, no beer or liquor permit would be granted or renewed wherein the applicant, operating under an assumed name, had not complied with the assumed name law (Arts. 5924 - 5925 - 5927, R. C. S. 1925), and further, that said application would have be be accompanied by a certificate from the County Clerk to the effect that said applicant had complied with the terms



Hon. J. C. Voyles, June 8, 1939, Page 2

of the assumed name law.

"Objection has been made by some appli-
cants for licenses to the payment of the
additional $0.50 for a certificate from the
County Clerk made necessary by reason of the
ruling on the part of the Administrator above-
referred to. Our question to you is, "Should
the County Clerk issue the certificate demand-
ed by the Administrator of the Texas Liquor
Control Board without charging a fee therefor,
in compliance with the Liquor Control Act
wherein said Act states that a fee of $5.00
or $2.00 and no more, as the case may be,
shall be charged in addition to the license
fees, or, should the Clerk charge a fee of
$.50 for said certificate, as provided for
under the terms of Art. 3930, R. C. S. 1925?'"

Section 16 of Article 1 of the Texas Liquor
Control Act reads as follows:

"The Board is authorized to issue Wine
and Beer Retailer's Permits. The holders
of such permits shall be authorized to sell
for consumption on or off the premises where
sold, but not for resale, vinous and malt
beverages containing alcohol in excess of
one-half of one percent by volume and not
more than fourteen (14) per cent of alchhol
by volume. All such permits shall be applied
for and issued, unless denied, and fees paid,
upon the same procedure and in the same manner
and upon the same facts and under the same
circumstances, and for the same duration of
time, and shall be renewable in the same man-
ner, as required and provided to govern appli-
cation for and issuance of Retail Beer Dealer's
Licenses under Article II of this Act, and
shall be subject to cancellation or suspension
for any of the reasons that a Retail Beer



Dealer's License may be cancelled or sus-
pended, and upon the same procedure. The
holders of Wine and Beer Retailer's Permits
shall also be subject to all provisions of
Section 22, Article II of this Act. All
alcoholic beverages which the holders of
such permits are authorized to sell may be
sold with the same restrictiohs as provided
in Article II governing the sale of beer,
as to prohibited hours, local restrictions,
age of employees, installation or mainten-
ance of barriers or blinds in openings or
doors, prohibition of the use of the word
'saloon' in the signs or advertisingꝗ and
subject to the same restrictions upon con-
sumption of wine as provided for beer in
the case of Retail Beer Dealers in Section
15 of Article ꝺI of this Act. For the
violation of any applicable provisions of
Article II the holders of such permits shall
be liable for penalties provided in Article
II; for the violation of any other provision
of this Act the holders of such permits shall
be subject to penalties provided in Article
I of this Act.--(4)

"The annual fee for such a permit shall
be Thirty ($30) Dollars and shall be dis-
tributed in the manner provided for the dis-
tribution of fees derived under Article II
of this Act; provided, however, that a Wine
and Beer Retailer's Permit may be issued for
a railway dining, buffet, or club car upon
payment of a fee of Five ($5) Dollars for
each car; provided, however, that application
therefor and the payment of fee shall be
made direct to the Board: and provided fur-
ther that any sug
ȟ permit for a railway dinzng,
buffet, or club car shall be inoperative in
any dry area as the same is defined in thir
Act.--(4)"

The seventh paragraph of Section 6 of Article



II of the Texas Liquor Control Act reads as follows:

> "Every person making application for
> an original license of any class herein pro-
> vided, except Branch Licenses and Temporary
> Licenses, shall be subject at the time of
> the hearing thereon to a fee of Five Dollars
> ($5), which fee shall, by the County Clerk,
> be deposited in the County Treasury and the
> applicant shall be liable for no other fees
> except said application fee and the annual
> license fee required of him by this Act."

Paragraph (b) of Section 7 of Article II of the Texas Liquor Control Act reads as follows:

> "Any application for renewal shall be
> accompanied by a fee of Two Dollars ($2),
> which shall be in addition to the amount
> required by law to be paid for annual li-
> cense fees, as a renewal fee charge. Any
> renewal fee charges collected by the County
> Assessor and Collector of Taxes shall be
> deposited in the County Treasury as fees of
> office and be so accounted for by him. No
> applicant for renewal of license shall be
> required to pay any fees other than the re-
> newal fee charge and license fees herein pro-
> vided, except when required by action of
> the Board or Administrator to submit to hear-
> ing upon such renewal before the county judge."

Article 5924, Revised Civil Statutes, reads as follows:

> "No person shall conduct or transact
> business in this State under any assumed
> name or under any designation, name, style,
> coporate or otherwise other than the real
> name of each individual conducting or trans-
> acting such business, unless such person
> shall file in the office of the county clerk
> of the counties in which such person conducts,
> or transacts or intends to conduct or transact



such business, a certificate setting forth
the name under which such business is, or
is to be, conducted or transacted, and the
true full name or names of each person con-
ducting or transacting the same, with the
post-office address of each. Said certifi-
cate shall be executed and duly acknowledged
by the person so conducting or intending to
conduct said business in the manner provided
for acknowledgment of conveyance of real es-
tate."

Article 3930, Revised Civil Statutes, reads in
part as follows:

"Clerks of the county courts shall re-
ceive the following fees:

"....
"Each certificate to any fact or facts
contained in the records of his office, with
certificate and seal, when not otherwise
provided for . . . . . . . . . . . . . . . .50"

In view of the foregoing statutes, you are re-
spectfully advised that it is the opinion of this depart-
ment that the county clerk is authorized to charge a fee
of 50¢ for each certificate from such clerk to the effect
that the applicant has complied with the terms of the
assumed name law.

Trusting that the foregoing answers your in-
quiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:AW

APPROVED:

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN